IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. |
| v. | ) ) | 1:24-cv-02361 (RBW) |
| MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) | |
| *Defendants*, | ) ) | |
| COALITION FOR RENEWABLE NATURAL GAS, | ) ) ) | |
| *Defendant-Intervenor.* | ) ) | |

## DEFENDANT-INTERVENOR'S ANSWER

Defendant-Intervenor Coalition for Renewable Natural Gas ("Defendant-Intervenor") for

its Answer in response to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed

by Plaintiff American Fuel & Petrochemical Manufacturers ("Plaintiff") in this matter states as

follows:

The allegations in the opening paragraph of the Complaint consist of Plaintiff's

characterization of the case and do not require a response. To the extent a response is deemed

required, Defendant-Intervenor denies that Defendants U.S. Environmental Protection Agency

("EPA") and the Honorable Michael S. Regan, Administrator of EPA, have a nondiscretionary

duty to partially waive Renewable Fuel Standard program requirements for cellulosic biofuel for



RECEIVED

FEB 19 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

2023 or to make cellulosic biofuel waiver credits available for that year and denies that Plaintiff is entitled to the requested relief in this matter.

## JURISDICTION AND VENUE

1.      The allegations in Paragraph 1 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof, and denies the allegations. Defendant-Intervenor denies that Plaintiff is entitled to the requested relief in this matter.

2.      The allegations in Paragraph 2 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof and states that it does not have sufficient information or knowledge as to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies same.

## PARTIES

3.      Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies same.

4.      Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies same except that Defendant-Intervenor admits that Plaintiff submitted comments to EPA on its notice of proposed rulemaking on the 2023 cellulosic biofuel volume requirement and has filed petitions for review related to the 2023 cellulosic biofuel volume in the U.S. Court of Appeals for the District of Columbia Circuit, Case Nos. 23-1247 (consolidated with Case No. 23-1177) and 24-1163.

5.    The allegations in Paragraph 5 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof and states that it does not have sufficient information or knowledge as to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies same.

6.    Defendant-Intervenor admits that Michael Regan is the Administrator of the EPA, who has been delegated certain authority to implement and enforce provisions under the Clean Air Act. Defendant-Intervenor denies the remaining allegations in Paragraph 6 of the Complaint.

7.    Defendant-Intervenor admits the allegations in Paragraph 7 of the Complaint.

## STATUTORY AND REGULATORY BACKGROUND OF THE RFS

8.    The allegations in Paragraph 8 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor refers to the statute, 42 U.S.C. §7545(o)(2)(A), for its words, substance, meaning, content or context thereof and denies the allegations. In particular, renewable natural gas is not used "in gasoline," but can be used to meet the volume requirements under the Renewable Fuel Standard program.

9.    The allegations in Paragraph 9 of the Complaint constitute Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

10.    The allegations in Paragraph 10 of the Complaint are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-

Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

11.    The allegations in Paragraph 11 of the Complaint are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

12.    The allegations in Paragraph 12 of the Complaint are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

13.    The allegations in Paragraph 13 of the Complaint consist of characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that the phrase "obligated parties" is used to identify the entities required to comply with the volume requirements of the Renewable Fuel Standard program and that obligated parties include refiners and importers of obligated gasoline and diesel fuel as outlined in 40 C.F.R. §80.1407. *See* 40 C.F.R. §§80.2, 80.1406. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and therefore denies same.

14.    The allegations in Paragraph 14 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of EPA's regulations and the Clean Air Act, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words,

substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations and the Clean Air Act, they are denied.

15.     The allegations in Paragraph 15 of the Complaint are Plaintiff's characterizations of EPA's regulations and the Clean Air Act, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations and the Clean Air Act, they are denied.

16.     The allegations in Paragraph 16 of the Complaint are Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations, they are denied.

17.     The allegations in Paragraph 17 of the Complaint are Plaintiff's characterizations of EPA's regulations and the Clean Air Act, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations and the Clean Air Act, they are denied.

18.     The allegations in Paragraph 18 of the Complaint are Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations, they are denied.

19.      The allegations in Paragraph 19 of the Complaint are Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent these allegations are inconsistent with EPA's regulations, they are denied. Defendant-Intervenor also does not have sufficient information or knowledge to form a belief as to the truth of the allegations in the third sentence of Paragraph 19 and therefore denies the allegations. Defendant-Intervenor notes that renewable natural gas does not require "blending" to be used as a transportation fuel.

20.      The allegations in Paragraph 20 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the Clean Air Act and EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations and the Clean Air Act, they are denied.

21.      The allegations in the first sentence of Paragraph 21 of the Complaint are Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent a response to the allegations in the first sentence of Paragraph 21 is deemed required, Defendant-Intervenor admits that EPA established an EPA Moderated Transaction System ("EMTS") for registered parties to report RIN generation, separation, retirement, and RIN sales transactions, as required under 40 C.F.R. §80.1452. Defendant-Intervenor denies the remaining allegations in Paragraph 21 of the Complaint.

## STATUTORY AND REGULATORY BACKGROUND
## FOR THE CELLULOSIC BIOFUEL WAIVER

22.    Defendant-Intervenor admits that the Renewable Fuel Standard program is forward-looking. The allegations in the second and third sentences of Paragraph 22 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof and denies the allegations.

23.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies same.

24.    Defendant-Intervenor denies the allegations in Paragraph 24 of the Complaint.

25.    The allegations in Paragraph 25 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

26.    The allegations in Paragraph 26 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

27.     The allegations in Paragraph 27 of the Complaint are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

28.     The allegations in the first two sentences of Paragraph 28 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied. In response to the third sentence of Paragraph 28 of the Complaint, Defendant-Intervenor admits that, when cellulosic biofuel waiver credits are available, they may be used by obligated parties to demonstrate compliance with the current-year cellulosic biofuel volume requirement and denies the remainder of the allegations.

29.     The allegations in Paragraph 29 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations are Plaintiff's characterizations of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and admits that EPA did use its cellulosic biofuel waiver authority when setting the cellulosic biofuel volume requirement for compliance years 2010 to 2022, but denies the remainder of the allegations in Paragraph 29 of the Complaint.

30.     Defendant-Intervenor admits that the cellulosic biofuel volume EPA finalized for compliance year 2022 in 87 Fed. Reg. 39,600, 39,601 (July 11, 2022) represented a reduction of approximately 96% of the 16-billion-gallon applicable volume listed in the statutory table for

2022. Defendant-Intervenor denies the remainder of the allegations in Paragraph 30 of the Complaint.

31.    The allegations in Paragraph 31 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations consist of Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

### *RFS Regulations for 2023*

32.    Defendant-Intervenor admits that EPA published a notice of proposed rulemaking to establish renewable fuel standards for compliance year 2023 in the Federal Register on December 30, 2022 at 87 Fed. Reg. 80,582. The remainder of the allegations in Paragraph 32 of the Complaint consist of conclusions of law and require no response. To the extent a response is required, the allegations consist of Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

33.    The allegations in Paragraph 33 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied. Defendant-Intervenor notes that the proposed rule included

potential alternatives to its projections of renewable natural gas used to set the cellulosic biofuel volume requirements. 87 Fed. Reg. at 80,623.

34.    The allegations in Paragraph 34 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied.

35.    The allegations in Paragraph 35 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied.

36.    The allegations in Paragraph 36 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor admits that EPA published the final standards for compliance year 2023 in the Federal Register on July 12, 2023 at 88 Fed. Reg. 44,468. To the extent the remaining allegations are inconsistent with the Clean Air Act, they are denied.

37.    The allegations in Paragraph 37 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied.

38.     The allegations in Paragraph 38 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations consist of Plaintiff's characterization of the Clean Air Act and the cited Federal Register notice, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the sources cited for their words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice or the Clean Air Act, they are denied.

39.     The allegations in Paragraph 39 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that EPA did not make cellulosic biofuel waiver credits available in the final rule, 88 Fed. Reg. at 44,479. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied.

40.     The allegations in Paragraph 40 of the Complaint consist of Plaintiff's characterization of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that EPA based its cellulosic biofuel volume requirements for compliance years 2023-2025 on projections of production of renewable natural gas in the form of compressed natural gas and liquified natural gas and of corn kernel fiber ethanol that would be used in the United States. Defendant-Intervenor denies the remainder of the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint consist of Plaintiff's characterization of the cited EPA document, which speak for itself and is the best evidence of its

contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

42.     The allegations in Paragraph 42 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor denies the allegations.

### *AFPM Requests Partial Waiver of 2023 Cellulosic Biofuel Standard*

43.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 43 of the Complaint. The allegations in the second sentence of Paragraph 43 consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations consist of Plaintiff's characterizations of the letter referenced therein, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that Plaintiff requested a partial waiver of the cellulosic biofuel volume requirement for compliance year 2023 in a letter to EPA dated December 22, 2023 and denies the remainder of the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint are Plaintiff's characterizations of the letter referenced in Paragraph 43, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

45.     The allegations in Paragraph 45 of the Complaint are Plaintiff's characterizations of the letter referenced in Paragraph 43, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content

or context thereof. To the extent the allegations are inconsistent with the cited document, they are denied.

46.    The allegations in Paragraph 46 consist of Plaintiff's characterizations of the letter referenced therein, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that Plaintiff had an update to its request for a partial waiver of the 2023 cellulosic biofuel volume requirements that was dated March 4, 2024 and that reiterated its request to lower the cellulosic biofuel volume requirements and make cellulosic biofuel waiver credits available and denies the remainder of the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint consist of Plaintiff's characterizations of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied

48.    The allegations in Paragraph 48 of the Complaint consist of Plaintiff's characterizations of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that EPA's notice published at 89 Fed. Reg. 20,961 referenced its final action entitled "Denial of AFPM Petition for Partial Waiver of 2023 Cellulosic Biofuel Standard," which was referred to as "AFPM Petition Denial Action" for short and was made available to the public on EPA's website. Defendant-Intervenor denies the remainder of the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint consist of Plaintiff's characterizations of the cited EPA document, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the cited EPA document, they are denied.

50.     The allegations in Paragraph 50 of the Complaint consist of Plaintiff's characterizations of the cited Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that the Federal Register notice referred to final agency action that is nationally applicable and indicated that petitions for judicial review of the action must be filed in the U.S. Court of Appeals for the District of Columbia Circuit by May 28, 2024. 89 Fed. Reg. at 20,962. To the extent the allegations are inconsistent with the cited Federal Register notice, they are denied.

51.     Defendant-Intervenor admits that Plaintiff filed a petition for review of the denial of Plaintiff's request for a partial waiver of the cellulosic biofuel volume for 2023 in the U.S. Court of Appeals for the D.C. Circuit, *American Fuel & Petrochemical Manufacturers v. EPA*, Case No. 24-1163 (D.C. Cir.).

52.     Defendant-Intervenor denies the allegations in Paragraph 52 of the Complaint.

## INJURIES RESULTING FROM EPA'S FAILURE TO ACT

53.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies same.

54.     The allegations in in the first and second sentence of Paragraph 54 of the Complaint consist of conclusions of law and require no response. To the extent a response is required, Defendant-Intervenor denies the allegations. In addition, the allegations in the second sentence of Paragraph 54 consists of Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof and denies the allegations in the second sentence of Paragraph 54. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in the last sentence of Paragraph 54 and therefore denies same.

55.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies same. Defendant-Intervenor notes that obligated parties have invested in renewable natural gas facilities, and members of Coalition for Renewable Natural Gas are also obligated parties.

56.     Defendant-Intervenor denies the allegations in the first sentence of Paragraph 56 of the Complaint as there are additional ways to demonstrate compliance, including the use of available prior year RINs, and some obligated parties may have more RINs than they need to demonstrate compliance. In response to the allegations in the second sentence of Paragraph 56 of the Complaint, Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

57.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies same.

58.     The allegations in Paragraph 58 of the Complaint consist of Plaintiff's characterizations of the letter cited in Paragraph 43, which speaks for itself and is the best evidence

of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

59.    The allegations in Paragraph 59 of the Complaint consist of Plaintiff's characterizations of the letter cited in Paragraph 46, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

60.    Defendant-Intervenor admits that EPA did not make cellulosic biofuel waiver credits available for compliance year 2023 because the cellulosic biofuel waiver authority was not used when setting the 2023 volume requirement. Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the remainder of the allegations in Paragraph 60 of the Complaint and therefore denies same. Defendant-Intervenor notes that Plaintiff's referenced waiver requests were dated December 22, 2023 and March 4, 2024, cellulosic biofuel waiver credits are only allowed to be used to meet the current-year cellulosic biofuel volume requirement, and Plaintiff did not request a reduction in the advanced or renewable fuel volume requirements.

61.    The allegations in Paragraph 61 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, the allegations consist of Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

62.    Defendant-Intervenor denies the allegations in Paragraph 62 of the Complaint.

63.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in regarding claimed injuries of Plaintiff's members in

Paragraph 63 of the Complaint and therefore denies same. Defendant-Intervenor denies the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 64 of the Complaint and therefore denies same. The remainder of the allegations in Paragraph 64 consist of Plaintiff's characterizations of EPA's regulations, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with EPA's regulations, they are denied.

65.     Defendant-Intervenor denies the allegations in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint consist of conclusions of law and require no response. To the extent a response is required, Defendant-Intervenor denies the allegations.

67.     The allegations in the first sentence of Paragraph 67 of the Complaint consist of conclusions of law and require no response. To the extent a response is required and in response to the remainder of the allegations in Paragraph 67, Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

68.     The allegations in Paragraph 68 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations Paragraph 68 and therefore denies same.

69.     The allegations in Paragraph 69 of the Complaint consist of conclusions of law and require no response. To the extent a response is deemed required, Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations Paragraph 69 and therefore denies same.

**NOTICE**

70.     The allegations in Paragraph 70 of the Complaint consist of conclusions of law and require no response. To the extent a response is required, the allegations consist of Plaintiff's characterizations of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

71.     The allegations in Paragraph 71 consist of Plaintiff's characterizations of the cited letter, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. Defendant-Intervenor admits that a letter from Crowell & Moring on behalf of American Fuel & Petrochemical Manufacturers, which is dated May 28, 2024 and referenced as a "Notice of Intent to File Suit for Failure to Waive Cellulosic Biofuel Standard," was attached to the Complaint. The remainder of the allegations in Paragraph 71 consist of conclusions of law and characterization of Plaintiff's requested relief and require no response. To the extent a response is required, Defendant-Intervenor denies the allegations.

72.     Defendant-Intervenor admits that EPA posted the letter referenced in Paragraph 71 to its webpage entitled "Notices of Intent to Sue the U.S. Environmental Protection Agency (EPA)." With respect to the remainder of the allegations in Paragraph 72, Defendant-Intervenor

does not have sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

73.    Defendant-Intervenor admits that the Complaint was filed more than sixty days after the date of the letter referenced in Paragraph 71. With respect to the remainder of the allegations in Paragraph 73, Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies same.

## CLAIMS FOR RELIEF

### COUNT I: Failure to Perform a Nondiscretionary Act or Duty
### to Waive 2023 Cellulosic Biofuel Applicable Volumes

74.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 73 above as if fully set forth herein.

75.    The allegations in Paragraph 75 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is deemed required, the allegations consist of Plaintiff's characterization of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

76.    The allegations in Paragraph 76 of the Complaint consist of Plaintiff's characterization of the cited EPA document, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

77.    Defendant-Intervenor denies the allegations in Paragraph 77 of the Complaint.

78.    The allegations in Paragraph 78 of the Complaint consist of Plaintiff's characterization of the cited EPA document, which speaks for itself and is the best evidence of its

contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

79.    Defendant-Intervenor denies the allegations in Paragraph 79 of the Complaint.

80.    Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in regarding claimed injuries of Plaintiff's members in Paragraph 80 and therefore denies same. Defendant-Intervenor denies the remaining allegations in Paragraph 80 of the Complaint.

81.    Defendant-Intervenor denies the allegations in Paragraph 81 of the Complaint.

**COUNT II: Failure to Perform a Nondiscretionary Act or Duty
to Make Available for Sale Cellulosic Biofuel Credits**

82.    Defendant-Intervenor restates and incorporates by reference its responses in Paragraphs 1 through 81 above as if fully set forth herein.

83.    The allegations in Paragraph 83 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is deemed required, the allegations consist of Plaintiff's characterization of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof. To the extent the allegations are inconsistent with the Clean Air Act, they are denied.

84.    The allegations in Paragraph 84 of the Complaint consist of conclusions of law to which no response is required. To the extent a response is deemed required, the allegations consist of Plaintiff's characterization of the Clean Air Act, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof and denies the allegations.

85.     The allegations in Paragraph 85 of the Complaint consist of Plaintiff's characterization of the cited EPA document, which speaks for itself and is the best evidence of its contents. Defendant-Intervenor refers to the source cited for its words, substance, meaning, content or context thereof, and denies the allegations.

86.     Defendant-Intervenor denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant-Intervenor does not have sufficient information or knowledge to form a belief as to the truth of the allegations in regarding claimed injuries of Plaintiff's members in Paragraph 87 and therefore denies same. Defendant-Intervenor denies the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendant-Intervenor denies the allegations in Paragraph 88 of the Complaint.

## RELIEF REQUESTED

This section of the Complaint consists of Plaintiff's characterization of the relief sought and requires no response. Defendant-Intervenor denies that Plaintiff is entitled to such relief in this matter.

## GENERAL DENIAL

Defendant-Intervenor denies each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

## DEFENSES

Defendant-Intervenor for its defenses states as follows:

1.     Plaintiff has filed to state a claim upon which relief can be granted.

2.     Plaintiff lacks standing.

3.     The Court lacks jurisdiction over one or more claims.

4.     Venue does not lie in this Court over one or more claims.

5.      One or more of the Plaintiff's claims is barred by the statute of limitations and/or laches.

6.      One or more of Plaintiff's claims are moot.

7.      One or more of Plaintiff's claims were waived.

8.      Plaintiff failed to exhaust administrative remedies for one or more of its claims.

Defendant-Intervenor reserves the right to amend, alter, or supplement these defenses and assert any other affirmative or other defense that may be or become available, including any defenses under Federal Rules of Civil Procedure 8 or 12.

THEREFORE, Defendant-Intervenor prays that this Court deny Plaintiff's request for declaratory, injunctive, and other relief, dismiss the Complaint with prejudice, and grant such further relief as the Court deems appropriate.

Dated: October 11, 2024                    Respectfully submitted,

/s/ Sandra P. Franco
Sandra P. Franco
DC Bar Number: 467091
Franco Environmental Law, LLC
600 Pennsylvania Avenue, SE
Unit 15577
Washington, DC 20003
(202) 256-6115
sandra@francoenvironmentallaw.com

*Counsel for Coalition for Renewable Natural Gas*